ROGERS, J.
 

 The plaintiff railroad company sues to expropriate certain property situated in that part of the city of Gretna formerly known as McDonoughville. No question is made of the plaintiff’s right to resort to the proceeding, the sole issue presented for determination being one of value. Plaintiff in its petition claims that the property is worth not more than $4,500, which amount, it alleges, it tendered to defendant prior to suit. Defendant, in his answer, declares the property is worth $9,000. The jury fixed its value at $6,000, and judgment, was rendered for that amount. Plaintiff has appealed.
 

 The property that plaintiff seeks to expropriate is situated in Square No. 39, bounded by Adams, Isbell (formerly Gallatin), Jefferson, and Perry streets. The ground measures 92 feet front on Jefferson street by a depth of 160 feet between equal and parallel lines. The improvements thereon consist of a one-story, slate roof, frame building, 75 feet long by 16 feet wide, containing five rooms, with side and rear galleries attached. The rooms are ceiled overhead, and the side walls are plastered. There are also certain outhouses on the premises, and the entire portion of ground is inclosed by fences; the front fence being constructed of cypress pickets. It is rented for $15 per month.
 

 An expert placed on the stand by the plaintiff appraised the property at $4,200. On the other hand, the expert for the defendant valued it at $7,950. The testimony shows that, when defendant was first approached by the representative of the plaintiff company, he offered to sell for $4,500. Later, he withdrew the offer, and, in a letter addressed to the attorney of the plaintiff, advised he would accept $6,000. On the stand as a witness in his own behalf on the trial of the case, he stated that the figure was erroneous, and that it. should have read $6,500. That the mistake occurred because he dictated the letter to his daughter and had hastily signed without reading it. Subsequently, the plaintiff, through one of its agents offered to buy the property for $4,500, which offer the defendant declined to accept.
 

 Plaintiff introduced in evidence a number of acts of sale showing purchases it has recently made of property in the vicinity of defendant’s property. Among these purchases was the Isbell property in the same square. This is a vacant portion of ground measuring 60 feet by 160 feet, fronting on Adams street, and partially abutting on defendant’s property on its rear line. ■ The sale was made for $1,500, or at the rate of $24.59 per front foot. Plaintiff also purchased in the same square four pieces known as the “Pennison property.” One of the pieces, lot and improvements, the lot measuring 80 feet front on Adams street by a depth of 160 feet on Isbell street, was purchased for $5,000. Another piece, consisting of a vacant portion of ground measuring 64 feet front on Jefferson street by a depth of 160 feet on Isbell street, was acquired for $1,650, or at the rate of $25.75 a front foot. Another vacant portion of ground, adjoining defendant’s property towards Isbell street, and measuring 64 feet front on Jefferson street by a depth of 160 feet between equal and parallel lines, brought $1,350. The remaining portion of ground that the plaintiff company purchased from the Pennisons adjoins the defendant’s property on the side toward Perry street, and measures 70 feet
 
 *343
 
 front on Jefferson street by a depth of 1'60 feet between equal’ and parallel lines. The improvements on this portion of ground consist of two houses, each of' similar construction, character, and appearance as the house on the defendant’s lot of ground. The entire property was obtained by the plaintiff company for $6,000, or at the rate of $3,000 for each house and a lot of ground measuring 85 feet by 160 feet.
 

 In the case of the present plaintiff against Charles Dittmar, reported in 161 La. 444, 10S So. 877, this court approved the verdict of a jury for $4,000 for two lots of ground with the improvements situated in the same square as the property in question here. • One of the lots in the Dittmar Case measures 60 feet front on Adams street by a depth of 160 feet on Perry street. The other lot is a key lot fronting on Perry street, and is almost immediately in the rear of the property owned by the defendant.
 

 The jury in expropriation proceedings is composed of property holders of the vicinage and this court, regarding them to some extent as experts, attaches considerable weight to their finding as bearing upon the question of value. Nevertheless, where it clearly appears that their verdict is excessive, the court will correct the error. We think this should be done in this case. Our conclusion is, under all the facts as disclosed by the record, that $5,250 will be a fair valuation of defendant’s property.
 

 • For the reasons assigned, the judgment appealed from is amended by reducing the amount which the plaintiff railroad company is adjudged to pay the defendant for the property therein described from $6,000 to $5,250, and, as thus amended, the judgment is affirmed. All costs of appeal are to be paid by the defendant and appellee.,
 

 ST.’ RAUL, J., takes no part.